UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANE E. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 13-10802-FDS |
| JAMES M. MOSKOW, | ) | |
| JMB GROUP, LLC, and | ) | |
| BLACK OAK REALTY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, J.**

This is an action brought by a beneficiary of various trusts against persons and entities that rent and manage real property owned by LLCs of which the trusts are members. Plaintiff Jane Taylor asserts claims for fraud, misrepresentation, conversion, unjust enrichment, and negligent infliction of emotional distress against defendants James Moskow, JMB Group, LLC, and Black Oak Realty, LLC, and an additional claim of breach of fiduciary duty against defendant James Moskow. Jurisdiction is based on diversity of citizenship.

James Moskow is the manager of Coolidge Properties, LLC, and Stearnwood Properties, LLC, each of which owns various properties, and a trustee of trusts that are members of those LLCs. Moskow is a one-half owner of JMB Group and of Black Oak Realty. The complaint alleges that James Moskow, JMB Group, and Black Oak Realty engaged in self-dealing by overcharging Coolidge Properties and Stearnwood Properties for the services of JMB Group and

Black Oak Realty and failed to disclose those overcharges, to the detriment of Jane Taylor, who is a beneficiary of the trusts.

Defendants have moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion will be granted.

**I.     Background**

Unless otherwise noted, the facts are stated as alleged in the complaint.

**A.     The Parties and Relevant Entities**

Plaintiff Jane E. Taylor is a resident of Florida. She is a beneficiary of the Jay I. Moskow Irrevocable Real Estate Trust, the Jane E. Taylor GST Exempt Trust, and the Jane E. Taylor Non-Exempt Trust. (Compl. ¶¶ 1, 9, 13, 16). She is also a trustee of the Jane E. Taylor GST Exempt Trust. (*Id.* ¶ 13).

Defendant James M. Moskow is Taylor's brother. (Def.'s Opp. Mot. Remand Ex. A). He is a resident of California. (*Id.*) Moskow is a trustee of the Jay I. Moskow Irrevocable Real Estate Trust and of the Jane E. Taylor GST Exempt Trust. He is also a manager of Coolidge Properties, LLC, and Stearnwood Properties, LLC. (Compl. ¶¶ 5, 12). He asserts that he and his wife, Linda Moskow, are the only members of JMB Group, LLC, and Black Oak Realty, LLC, and that he is the sole manager of those companies as well. (Def's Opp. Mot. Remand Ex. A; *see* Compl. ¶ 14).

Defendant JMB Group, LLC, is a limited liability company organized under the laws of Massachusetts. (Compl. ¶ 3). JMB Group manages the properties controlled by Coolidge Properties, LLC, and Stearnwood Properties, LLC. (*Id.* ¶ 15).

Defendant Black Oak Realty, LLC, is a limited liability company organized under the laws of Massachusetts. (*Id*. ¶ 4). Black Oak Realty arranges rentals for the properties controlled by Coolidge Properties, LLC, and Stearnwood Properties, LLC. (*Id*. ¶ 14).

Coolidge Properties, LLC, is a limited liability company. It controls the real estate at 9 Sewall Avenue, Brookline, Massachusetts, containing 64 apartments. (*Id*. ¶ 6). The Jay I. Moskow Irrevocable Real Estate Trust, the Jane E. Taylor GST Exempt Trust, and the Jane E. Taylor Non-Exempt Trust are members of Coolidge. James Moskow is the manager. (*Id*. ¶ 5).

Stearnwood Properties, LLC, is a limited liability company. It controls the real estate at 27 Longwood Avenue, 29 Longwood Avenue, 31 Longwood Avenue, and 12-14 Stearns Road, Brookline, Massachusetts, containing, in total, 19 apartments. (*Id*. ¶ 10). The Jane E. Taylor GST Exempt Trust is a member of Stearnwood. James Moskow is the manager. (*Id*. ¶¶ 11, 13).

The Jay I. Moskow Irrevocable Real Estate Trust has as a trustee James Moskow, and has as beneficiaries Jane Taylor, the Jane E. Taylor GST Exempt Trust, and the Jane E. Taylor Non-Exempt Trust. It is a member of Coolidge Properties. (*Id*. ¶¶ 9, 16).

The Jane E. Taylor GST Exempt Trust has as trustees James Moskow and Jane Taylor, and has as a beneficiary Jane Taylor. (*Id*. ¶ 13). It is a member of Coolidge Properties and Stearnwood Properties. (*Id*. ¶ 16).

The Jane E. Taylor Non-Exempt Trust has as a beneficiary Jane Taylor. (*Id*. ¶ 16). It is a member of Coolidge Properties. (*Id*.). The complaint does not list a trustee. (*See generally id*.).

**B.     The Claims**

The complaint asserts claims against all three defendants for fraud, misrepresentation, conversion, unjust enrichment, and negligent infliction of emotional distress. In addition, it

asserts against defendant Moskow a claim for breach of fiduciary duty concerning his management of Coolidge Properties and Stearnwood Properties. The central allegation of the complaint is that defendants submitted inflated billing statements to Coolidge and Stearnwood, thereby profiting themselves and taking benefits from the member trusts that own Coolidge and Stearnwood and, indirectly, from the beneficiaries of those trusts.

Specifically, the complaint alleges that, at an unspecified time, defendants submitted inflated billing statements to Coolidge and Stearnwood, setting up a scheme to funnel funds out of Coolidge and Stearnwood. It alleges that Moskow willfully failed to disclose his self-dealing to the member trusts or to Taylor, that he misappropriated her funds, and that he willfully misled her. It further alleges that Moskow owed a fiduciary duty to Taylor in his role as manager of Coolidge and Stearnwood. And it alleges that defendants made material and intentional misrepresentations of fact to Taylor, knowing that she would rely on them, which she did to her detriment. Finally, it alleges that, as a result, Taylor suffered financial loss and other damages, and that she suffered emotional distress and physical harm manifested by objective symptoms.

### C. Procedural Background

On February 14, 2013, plaintiff filed this action in Norfolk County Superior Court. On April 8, defendants removed this action to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1332(d), 1441(b). Defendants have moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness*

*Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

**III.   Analysis**

    **A.   Standing**

Defendants first contend that plaintiff cannot sue individually for harms that were suffered by Coolidge and Stearnwood, which are LLCs. Instead, they assert that plaintiff could assert a claim, if at all, only derivatively.

The complaint provides little detail about the alleged injuries caused by defendants' conduct. As to the claims for fraud, misrepresentation, conversion, and breach of fiduciary duty, plaintiff lists as the harms personal financial loss, consequential damages, and deprivation of her property rights. (Compl. ¶¶ 24, 30, 34, 37). As to the unjust enrichment claim, plaintiff asserts that defendants obtained funds from defrauding her and that she (personally) is entitled to the funds "unlawfully transferred" from Stearnwood and Coolidge to defendants. (*Id.* ¶ 42). Although plaintiff frames these harms as personal, the complaint as written makes clear that

Stearnwood and Coolidge (which are LLCs) directly suffered the losses. The trusts (which are members of the LLCs) and plaintiff (who is a beneficiary and/or trustee of the trusts) indirectly suffered the losses. In other words, the complaint in substance alleges that defendants misappropriated the funds of various certain entities—not those of plaintiff.

As a general rule, "a mere shareholder, officer, director, or member does not have standing to assert a claim on behalf of a business entity" for injuries suffered by the entity. *Laverty v. Massad*, 661 F. Supp. 2d 55, 61 (D. Mass. 2009) (citing *Diva's Inc. v. City of Bangor*, 411 F.3d 30 (1st Cir. 2005)). Thus, "a member of an LLC cannot bring an action *in his own name* to enforce the rights or redress the injuries of the LLC." *Id.* (citing *First Taunton Fin. Corp. v. Arlington Land Acquisition–99, LLC*, 20 Mass. L. Rep. 556 (Mass. Super. Ct. 2006)) (emphasis added). Plaintiff here does not have standing to assert a claim for injuries suffered by an LLC. Such a claim must be brought by the LLC itself, or derivatively on its behalf.

As a general matter, a member of an LLC can assert a claim on its behalf either (1) when authorized by the LLC to do so or (2) when the entity has failed to assert its own rights, as a derivative action. *See* Mass. Gen. Laws ch. 156C, § 56 (providing that a member or manager of a limited liability company can bring a suit on its behalf when authorized by a vote or a written operating agreement); *Billings v. GTFM, LLC*, 449 Mass. 281, 289 (2007) (stating that "members of a limited liability company [may] bring suits on its behalf"). Plaintiff here is not a member or manager of the LLCs, and therefore cannot bring a derivative action. *Diamond v. Pappathanasi*, 78 Mass. App. Ct. 77, 93 (2010) ("[I]n order to maintain a derivative action, one must strictly retain an ownership interest in the company on whose behalf the action is brought").

Certain of the trusts named in the complaint, however, are members of the LLCs. A member trust could thus bring a derivative claim on behalf of the LLCs for injuries suffered by the LLCs. And even though plaintiff is not herself a member trust, she might be able, in her capacity as a trustee or beneficiary, to assert a derivative claim on behalf of the trust seeking damages for harm to the LLCs. *See* Mass. Gen. Laws ch. 203E, § 811 ("A trustee shall take reasonable steps to enforce claims of the trust . . . ."); *Demoulas v. Demoulas Super Markets, Inc.*, 424 Mass. 501 (1997) (holding that a beneficiary, rather than a trustee, of a trust that owned shares of a corporation could bring a shareholder's derivative action against the corporate directors based on their usurpation of corporate opportunities, noting that "the trustee may very well be the director whose operation of the corporation is being challenged" and that therefore "the beneficiary is not required to depend on the trustee to bring such an action"); *see also Zoppo v. Zoppo*, 453 F. Supp. 2d 232, 234 (D. Mass. 2006) ("[A] trustee has the power to bring claims on behalf of beneficiaries."); *cf. Diamond*, 78 Mass. App. Ct. at 93-94 (holding that a trust beneficiary had not "established her standing to maintain a derivative action" because she did not "hold a direct interest in the entity on whose behalf she is purporting to sue").

In any event, plaintiff here has not attempted to bring these claims derivatively. And, even if she had, a derivative suit is subject to the procedural requirements of Rule 23.1, which do not appear to have been satisfied. *See* Fed R. Civ. P. 23.1; *First Taunton Fin. Corp.*, 20 Mass. L. Rep. 556, 2006 WL 696689, at *4 (holding that Mass. R. Civ. P. 23.1 applies to limited liability companies); *Mastromatteo v. Mastromatteo*, 21 Mass. L. Rep. 705, 2006 WL 3759512, at *2 (Mass. Super. Ct. 2006) (same).

Finally, plaintiff conceivably could assert a claim against Moskow for breach of fiduciary

duty in his role as trustee. But the complaint alleges only a breach of his duties "[a]s a manager of Stearnwood Properties, LLC and Coolidge Properties, LLC." (Compl. ¶ 35); *cf.* Mass. Gen. Laws ch. 203E, § 1001(b) (identifying beneficiary's remedies for breach of trust by trustee); Bogert, *The Law of Trusts and Trustees* § 543 ("The trustee must not place himself in a position where his own interests or that of another enters into conflict, or may possibly conflict, with the interest of the trust or its beneficiary."). By framing the breach as stemming from Moskow's role as a manager of the LLCs, any injury caused by that breach was suffered by the LLCs, not plaintiff. Therefore, any such claims must be brought derivatively by a representative of the trusts, not individually.

In short, plaintiff's claims against defendants for injuries to the LLCs that caused damage to her financial interests must fail. As a general proposition, the law provides remedies for fraud, misrepresentation, and self-dealing, even in family enterprises, and even in enterprises with complex ownership and management structures. But the law also ordinarily requires that those structures be respected, except in a few, narrowly-defined circumstances that the complaint here has not alleged. Defendants' motion to dismiss Counts One through Five will therefore be granted.[1]

### B.   Negligent Infliction of Emotional Distress

The sixth claim, negligent infliction of emotional distress, does allege a harm that plaintiff herself suffered—namely, that she experienced physical harm due to defendants' alleged negligence. (Compl. ¶ 45).

---

[1] Defendants further contend that the complaint is insufficient to state claims for fraud, misrepresentation, conversion, breach of fiduciary duty, unjust enrichment, and negligent infliction of emotional distress. Because Counts One through Five will be dismissed for lack of standing, the sufficiency of those pleadings need not be addressed.

To state a claim for negligent infliction of emotional distress, and party needs to assert: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." *Payton v. Abbott Labs*, 386 Mass. 540, 557 (1982); *see Sullivan v. Boston Gas Co.*, 414 Mass. 129, 132 (1993). The complaint here alleges that defendants "negligently inflicted emotional distress upon the Plaintiff," that defendants' actions "were the cause of" her distress, that as a result she "reasonably suffered physical harm manifested by objective symptomatology," and that as a result of defendants' negligence she "suffered emotional distress, and has been caused to suffer financial hardship, costs, and attorney fees." (Compl. ¶¶ 44-47).

Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" the Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The principles of Rule 8 apply with special force in a context such as this, where plaintiff is essentially attempting to graft a negligence claim onto a family business dispute, and where issues such as duty, breach, causation, and injury are murky at best. For example, the reasonableness and foreseeability of any severe emotional distress stemming from the facts alleged in the complaint—which, again, essentially allege financial injury to LLCs—are questionable at best. *See, e.g.*, *Smith v. Jenkins*, 718 F. Supp. 2d 155, 172 (D. Mass. 2010) (finding that it was not reasonably foreseeable that borrower would suffer severe emotional distress due to alleged fraud by lenders, mortgage brokers, and real estate firms, and thus that they were not liable for negligent infliction of emotional distress). Under the circumstances, and at a minimum, a claim for negligent infliction

of emotional distress requires something more than a "formulaic recitation of the elements." *Iqbal*, 556 U.S. at 678. The complaint here does not meet that standard. Accordingly, defendants' motion to dismiss will be granted.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss is GRANTED.

**So Ordered.**

                                         /s/ F. Dennis Saylor
                                         F. Dennis Saylor IV
                                         United States District Judge

Dated: October 1, 2013